**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOHN LYNCH** ***on behalf of*** **S.L. MINOR and TABITHA LYNCH** ***on behalf of*** **S.L. MINOR,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **CASE NO. 5:25-CV-446 (CAR)** |
| **BLECKLEY COUNTY SCHOOL DISTRICT, JUDGE SHAKARA BARNES, and GEORGIA DEPARTMENT OF EDUCATION,** | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS**

After rejecting the Bleckley County School District's ("School District's") Individual Education Plan ("IEP") for their disabled minor child, S.L., *pro se* Plaintiffs John Lynch and Tabitha Lynch filed due process complaints against the School District under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), alleging that the School District's IEP and procedures violated the IDEA by depriving their child of a free appropriate public education ("FAPE").[1] Administrative Law Judge

[1] Final Decision, [Doc. 3-23].

("ALJ") Shakara Barnes consolidated the complaints, held a due process hearing, and entered her final decision denying Plaintiffs' requests for relief.[2]

Subsequently, Plaintiffs brought this action on behalf of their minor child against the School District, ALJ Barnes, and the Georgia Department of Education ("Department"), seeking judicial review of the final decision under 20 U.S.C. § 1415(i)(2)(A), injunctive relief for IDEA violations, and relief for violations of their child's rights under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act.[3]

Currently before the Court is Plaintiffs' Motion to Proceed *In Forma Pauperis* ("IFP").[4] Having reviewed Plaintiffs' Affidavit, it appears they are unable to pay the cost of commencing this action, or the United States Marshal service fees. Accordingly, Plaintiffs' Motion to Proceed IFP [Doc. 2] is **GRANTED.**

But none of Plaintiffs' claims may proceed forward as currently pled. Absolute judicial immunity bars all their claims against ALJ Barnes for her alleged erroneous rulings; Plaintiffs' failure to exhaust administrative remedies under the IDEA bars all their claims against the Department; Plaintiffs cannot litigate their child's ADA or § 504 claims *pro se*; and because Plaintiffs' Complaint constitutes an impermissible "shotgun

---

[2] *Id.*
[3] Compl., [Doc. 3].
[4] Pls.' Mot. Proceed IFP, [Doc. 2].

pleading[,]" Plaintiffs' IDEA claims against the School District cannot proceed.[5] If Plaintiffs wish to proceed with the claims identified below that are not barred, then under 28 U.S.C. § 1915(e)(2), **they must follow the directions below and file within 21 days of this Order's date** a recast Amended Complaint, which will supersede the Complaint.

**I. Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[6] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[7] The Court should accept statements contained in an IFP affidavit, "absent a serious misrepresentation."[8] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[9]

---

[5] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015); Compl., [Doc. 3] (65 pages).
[6] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).
[7] *Martinez*, 364 F.3d at 1307 (internal quotation marks and citation omitted).
[8] *Id.*
[9] *Id.* (citation omitted).

The Court has reviewed Plaintiffs' application to proceed IFP and is satisfied they cannot pay the court fees because of poverty.[10] The Court finds Plaintiffs qualify as paupers under § 1915, and their Motion [Doc. 2] is **GRANTED**.

**II. Preliminary Screening**

Because Plaintiffs are proceeding IFP, the Court is required to screen their Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[11] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[12]

A claim is frivolous if it "lacks an arguable basis either in law or in fact."[13] The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."[14] Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is

---

[10] Pls.' Mot. Proceed IFP, [Doc. 2] (stating Plaintiffs expect a monthly income of $2,100 to support their seven-person household).
[11] 28 U.S.C. § 1915(e)(2)(b).
[12] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[13] *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008 (internal quotation marks omitted).
[14] *Id.* (internal quotation marks omitted).

"plausible on its face"[15] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6).[16] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[18] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[19]

Although *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed,"[20] that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action."[21] *Pro se* litigants cannot "simply point to some perceived or action wrongdoing and then have the court fill in the facts to support their claim…. Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled."[22]

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).
[16] *See, e.g.*, *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).
[17] *Ashcroft*, 556 U.S. at 663.
[18] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).
[19] *Iqbal*, 556 U.S. at 678.
[20] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).
[21] *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up).
[22] *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009).

**A. Background**

**1. Individuals with Disabilities Education Act**

The Individuals with Disabilities Education Act ("IDEA") "is a comprehensive statute that sets forth the intent of Congress that children with disabilities be entitled to a 'free appropriate public education' ("FAPE")."[23] Part B of the IDEA mandates that "states must provide disabled children between the ages of three and twenty-one with the opportunity to receive a FAPE by offering each student special education and related services under an [Individual Education Plan ("IEP")]."[24] An IEP requires "a statement of the special education and related services and supplementary aids and services . . . to be provided to the child."[25] An IEP should be determined by "a collaborative process between parents, teachers, and school administrators outlining the student's disability and his educational needs, with the goal of providing the student with a FAPE."[26] After this collaborative process, an "IEP 'should comply with the [IDEA's] procedural and substantive requirements . . . and should be 'reasonably calculated to enable the child to receive educational benefits.'"[27]

---

[23] *L.M.P. on behalf of E.P. v. Sch. Bd. of Broward Cnty.*, 879 F.3d 1274, 1277 (11th Cir. 2018) (quoting *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 523 (2007)).
[24] *Id.* (citing 20 U.S.C. § 1412).
[25] *Id.* (quoting 20 U.S.C. § 1414(d)(1)(A)(IV)).
[26] *Id.* at 1277-78 (quoting *R.L. v. Miami-Dade Cty. Sch. Bd.*, 757 F.3d 1173, 1177 (11th Cir. 2014)) (cleaned up).
[27] *Id.* at 1278 (quoting *R.L.*, 757 F.3d at 1177).

Acknowledging that parents may disagree with their child's IEP, the IDEA "provides for procedural safeguards through which" they "can challenge the IEP[.]"[28] They "may unilaterally withdraw their child from the school system and pursue alternative placement options[,]'" and they "can file a complaint with the appropriate state administrative agency and get a due process hearing before [a hearing officer, such as] an Administrative Law Judge ("ALJ")[,] to resolve the dispute."[29] The parents may file the complaint based on "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child."[30]

After the ALJ enters a final decision, "either party can . . . challenge [it] . . . by appealing to either a state court or a United States District Court."[31] "And when a district court reviews that hearing officer's ruling, 'it must make a decision based on the preponderance of the evidence[,]" including the records of the administrative proceedings, and "give due weight to the ALJ's conclusions.'"[32]

Although the IDEA "directs courts . . . to 'grant such relief as the court determines is appropriate[,]'"[33] "the only remedy available under the IDEA is injunctive relief for the

---

[28] *Id.* (citing 20 U.S.C. § 1415; *R.L.*, 757 F.3d at 1177).
[29] *Id.* (quoting *R.L.*, 757 F.3d at 1177); 20 U.S.C. § 1415(f) (providing for impartial due process hearing).
[30] *L.M.P.*., 879 F.3d at 1278 (quoting 20 U.S.C. § 1415(b)(6)).
[31] *Id.* (quoting *R.L.*, 757 F.3d at 1178); 20 U.S.C. § 1415(i)(2)(A).
[32] *J.N. next friend of M.N. v. Jefferson Cnty. Bd. of Educ.*, 12 F.4th 1355, 1365 (11th Cir. 2021) (quoting *L.J. ex rel. N.N.J. v. School Board of Broward Cty.*, 927 F.3d 1203, 1210 (11th Cir. 2019)); 20 U.S.C. § 1415(i)(2)(C)(i)-(ii) ("In any action brought under this paragraph, the court . . . shall receive the records of the administrative proceedings[]" and "shall hear additional evidence at the request of a party[.]").
[33] *Luna Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 148 (2023) (quoting 20 U.S.C. § 1415(i)(2)(C)(iii)).

wrongful denial of a FAPE[;]"[34] the IDEA does not provide for tort-like monetary compensatory damages.[35] But the "'reimbursement' of past educational expenses[,]"[36] and/or awards for "compensatory education[,]" that is "extra educational services designed to compensate for a past deficient program[,]"[37] are forms of equitable relief available under the IDEA.[38] And "[i]n an [IDEA] action or proceeding[,] . . . the district court 'may award reasonable attorneys' fees as part of the costs[] to a prevailing party who is the parent of a child with a disability.'"[39]

Moreover, under the IDEA's administrative exhaustion requirement,[40] any claim seeking "the only remedy available under the IDEA[,]"—"injunctive relief for the wrongful denial of a FAPE[]"—"must undergo an administrative hearing before

[34] *Durbrow v. Cobb Cnty. Sch. Dist.*, 887 F.3d 1182, 1190 (11th Cir. 2018) (citations omitted); *see also Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 166 (2017) ("The only relief that an IDEA officer can give . . . is relief for the denial of a FAPE.").

[35] *See Luna Perez*, 598 U.S. at 147-150 (holding that the IDEA's administrative exhaustion requirement did not apply because the plaintiff brought "a suit under another federal law for compensatory damages—a form of relief everyone agree[d] [the] IDEA does not provide[]"); *Fry*, 580 U.S. at 169 n.8 (2017) ("[A]n IDEA officer cannot give . . . money damages for resulting emotional injury."); *Ortega v. Bibb Cnty. Sch. Dist.*, 397 F.3d 1321, 1326 (11th Cir. 2005) (citations omitted) (ruling "the IDEA does not provide a cause of action for tort-like relief[]" because "[t]ort-like damages are simply inconsistent with IDEA's statutory scheme[]"); *Powell v. Sch. Bd. Volusia Cnty.*, 86 F.4th 881, 885 (11th Cir. 2023) (explaining that "the IDEA does not provide" the relief of "monetary compensatory damages[.]").

[36] *Luna Perez*, 598 U.S. at 148 (quoting *School Comm. of Burlington v. Department of Ed. of Mass.*, 471 U.S. 359, 369–370 (1985)); *see also id.* (explaining that under the IDEA relief means remedy, that is the two words are synonyms).

[37] *J.N.*, 12 F.4th at 1364 (quoting *R.L.*, 757 F.3d at 1178).

[38] *Powell*, 86 F.4th at 885; *see also J.N.*, 12 F.4th at 1366-67 (citation omitted) ("[C]ompensatory education is one such form of relief that can be granted under [20 U.S.C. § 1415(i)(2)(C)(iii)]."); *R.L.*, 757 F.3d at 1178 (same).

[39] *J.N.*, 12 F.4th at 1368 (quoting 20 U.S.C. § 1415(i)(3)(B)(i)).

[40] 20 U.S.C. § 1415(f), (g), (l).

proceeding to state or federal court, whether the claim arises under the IDEA, § 504" of the Rehabilitation Act, Title II of the Americans with Disabilities Act ("ADA"), "or any other federal law."[41] Accordingly, an action based "on the past denial of a [FAPE] may . . . proceed without exhausting [the] IDEA's administrative processes if the remedy a plaintiff seeks is not one [the] IDEA provides."[42]

**2. Plaintiffs' Appeal**

On August 11, 2025, Plaintiffs' minor child, S.L., by and through Plaintiffs, filed a *pro se* due process complaint against the School District, alleging that the School District violated the IDEA by depriving their minor child of a FAPE.[43] Plaintiffs then filed four additional due process complaints against the School District.[44] After consolidating the five complaints, ALJ Barnes held a five-day due-process hearing and then entered her final decision denying Plaintiffs' requests for relief.[45]

Subsequently, Plaintiffs, proceeding *pro se* and "on behalf of their minor child," timely filed the instant Complaint against the School District, ALJ Barnes, and the

---

[41] *Durbrow*, 887 F.3d at 1190 (citations omitted); *see also Fry*, 580 U.S. at 161 (citations omitted) ("[A] plaintiff bringing suit under the ADA, the Rehabilitation Act, or similar laws must . . . when 'seeking relief that is also available under' the IDEA—first exhaust the IDEA's administrative procedures.") (quoting 20 U.S.C. § 1415(l)); *see also Fry*, 580 U.S. at 171 (citation omitted) ("[A] plaintiff might seek relief for the denial of a FAPE under Title II [of Americans with Disabilities Act ("ADA")] and § 504 [of the Rehabilitation Act] as well as the IDEA."); *Luna Perez*, 598 U.S. at 150-51 (holding ADA suit for monetary compensatory damages based on a denial of a FAPE may proceed without exhausting administrative remedies under the IDEA).
[42] *Luna Perez*, 598 U.S. at 150.
[43] Final Decision, at 1 [Doc. 3-23].
[44] *Id.* at 1 n.1.
[45] *Id.* at 1 n.1, 1-2, 39.

Department for judicial review of the ALJ's final decision under 20 U.S.C. § 1415(i)(2)(A).[46] Plaintiffs request the Court reverse and vacate all erroneous rulings and orders issued by ALJ Barnes, grant declaratory relief, make certain findings of fact and conclusions of law, and order the following injunctive relief: the enforcement of their minor child's "last stay put IEP[;]" a compensatory education award for the past five years; the end of all virtual instruction; reimbursement for certain travel and educational evaluation costs; placement at a private school with Deafblind expertise; and unspecified "reasonable accommodations" for Plaintiffs in future School District "proceedings, communications, and meetings[.]"[47] Plaintiffs also seek attorney's fees and costs.[48]

First, Plaintiffs allege the School District violated the IDEA's procedural requirements when the School District, among other things, (1) failed to conduct full and adequate evaluations of their minor child; (2) failed to find their minor child eligible under the Deafblind category within a reasonable time and therefore erred in denying

[46] Compl., [Doc. 3]; Final Decision, at 39 [Doc. 3-23]; 20 U.S.C. § 1415(i)(2)((B). An order dismissing Plaintiffs' original complaint was not filed before the operative Complaint due to an oversight. *See* Compl., [Doc. 3]; Original Compl., [Doc. 1]; *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (citation omitted) ("[A]n amended complaint supersedes the [original] complaint and becomes the operative pleading in the case[.]"). Plaintiffs filed the instant Complaint three days before the statute of limitations expired. *See* Compl., [Doc. 3]; Final Decision, at 39 [Doc. 3-23]; 20 U.S.C. § 1415(i)(2)(B) (90 days for IDEA civil action seeking judicial review). Additionally, at the outset, Plaintiffs allege that "Defendant[] . . . Cindy Felkins[] . . . violated S.L. 's rights[,]" but they do not list "Cindy Felkins" as a Defendant in the case caption or clearly allege that she violated any law in the Complaint's body. Compl., at 3 [Doc. 3]. Therefore, her inclusion as a defendant appears to result from a typographical error. *Id.* Regardless, any claims against Cindy Felkins also fail to state a claim.

[47] Compl., at 63-65, [Doc. 3].

[48] *Id.*; *see* 20 U.S.C. § 1415(i)(3)(B).

him a FAPE; (3) failed to allow Plaintiffs to adequately participate in the IEP process; (4) failed to meet obligations regarding independent educational evaluations; (5) failed to provide discovery and educational records; and (6) violated the IDEA's substantive requirements because the IEP's content was inappropriate as their minor child needed a private school placement and other changes for him to receive a FAPE.[49]

Second, Plaintiffs allege ALJ Barnes violated the IDEA's procedural requirements when she, among other things, (1) erroneously dismissed Plaintiffs' claim for the School District to provide "free and/or low-cost legal and other relevant services[]" and/or information concerning their availability; (2) denied Plaintiffs' motion to disqualify the School District's counsel; (3) consolidated Plaintiffs' five due process complaints against the School District; (4) failed to "acknowledge" Plaintiffs' motion to appoint their "person of knowledge[;]" (5) denied Plaintiffs' request for an expedited hearing; (6) granted the School District's motions to quash Plaintiffs' subpoenas; (7) excluded Plaintiffs' evidence; (8) "disallowed" Plaintiffs' "cross-examination[]" of witnesses; (9) denied Plaintiffs access to "a no-cost hearing[;]" and (10) failed to issue a timely hearing decision.[50]

Third, Plaintiffs allege the Department (1) violated the IDEA's procedural requirements when it mistakenly marked their second-filed due process complaint against the School District as duplicative, closed the complaint, and later re-opened it

---

[49] *See* Compl., [Doc. 3]; Final Decision, [Doc. 3-23].
[50] Compl., [Doc. 3].

after undue delay and Plaintiffs' request;[51] and (2) "failed to fulfill its statutory oversight and enforcement obligations under 20 U.S.C. § 1415(f) and 34 C.F.R. § 300.151-300.153, by refusing to properly review the urgency of S.L. 's change of placement and denying his right to 'stay put' under 34 C.F.R. § 300.518."[52]

Lastly, Plaintiffs appear to assert "IDEA-related" claims against all Defendants for violating their minor child's rights under the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act.[53] But Plaintiffs do not specify how any Defendant's acts or omissions violated their minor child's rights under Title II of the ADA or § 504—statutes under which "a plaintiff might seek relief for the denial of a FAPE[.]"[54]

**B. Analysis**

**1. Plaintiffs Cannot Litigate their Child's ADA or § 504 Claims *Pro Se***

Plaintiffs cannot litigate their minor child's claims *pro se* because they are non-attorneys.[55] Although "[p]arents enjoy rights under [the] IDEA[]" and can "prosecute

[51] *Id.* at 22-23.
[52] *Id.* at 63.
[53] *B.I. v. Montgomery Cnty. Bd. of Educ.*, 750 F. Supp. 2d 1280, 1284 (M.D. Ala. 2010).
[54] *Fry*, 580 U.S. at 171; *see* Compl., at 3, 65 [Doc. 3]. Plaintiffs do not allege they were subject to disability discrimination. Compl., [Doc. 3].
[55] *See* 28 U.S.C. § 1654; Fed. R. Civ. P. 17(c). "Individual parties in federal court generally 'may plead and conduct their own cases personally or by counsel.'" *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting 28 U.S.C. § 1654). But "[t]he right to appear pro se . . . is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." *Id.* (quoting 28 U.S.C. § 1654).

IDEA claims on their own behalf[,]"[56] "parents who are not attorneys may not bring a *pro se* action on their child's behalf[.]"[57] "This rule helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."[58] Here, Plaintiffs bring this action "on behalf of their minor child[;]" assert Defendants "violated [their minor child's] rights under [the IDEA], [§ 504]," and the ADA; and do not clearly distinguish between their claims under the IDEA—which they can litigate—and their minor child's claims under Title II of the ADA or § 504 of the Rehabilitation Act—which they cannot.[59] To the extent Plaintiffs seek to assert claims under Title II or § 504, they only bring their minor child's claims—which they cannot litigate.[60] Accordingly, all ADA and § 504 claims are **DISMISSED WITHOUT PREJUDICE**.[61]

---

[56] *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007). The *Winkelman* Court explained that "IDEA does not differentiate . . . between the rights accorded to children and the rights accorded to parents[,]" ruled that "a parent may be a 'party aggrieved' for purposes of [20 U.S.C.] § 1415(i)(2) with regard to 'any matter' implicating these rights[,]" and clarified that "[t]he status of parents as parties is not limited to matters that relate to procedure and cost recovery." *Id.* at 531 (citing 20 U.S.C. § 1415(b)(6)(A)); *see also* 20 U.S.C. § 1415(i)(2) ("Any party aggrieved by the findings and decision made . . . shall have the right to bring a civil action . . . in a district court of the United States[.]").

[57] *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997) (italics added), *overruled in part on other grounds by Winkelman*, 550 U.S. at 535 (declining to rule on "whether [the] IDEA entitles parents to litigate their child's claims pro se[]"); *see also Warner v. Sch. Bd. of Hillsborough Cnty.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024), *cert. denied sub nom. Warner v. Hillsborough Cnty. Sch. Bd.*, 145 S. Ct. 2699, 221 L. Ed. 2d 966 (2025) (explaining that "the *Winkelman* Court resolved only the narrow question of whether parents have their own rights to vindicate under IDEA" because "the Court explicitly did 'not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims pro se[]'") (quoting *Winkelman*, 550 U.S. at 535).

[58] *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (internal quotation marks and citation omitted).

[59] Compl., at 3, 65 [Doc. 3].

[60] *Id.* Plaintiffs do not allege they were subject to disability discrimination. *Id.*

[61] *See Rohn v. Palm Beach Cnty. Sch. Bd.*, No. 11-81408-CIV, 2012 WL 6652940, at *3 (S.D. Fla. Dec. 21, 2012) (emphasizing that a pro se parent must distinguish between her claims and her child's claims).

**2. Absolute Judicial Immunity Bars Plaintiffs' Claims against ALJ Barnes**

As outlined above, Plaintiffs allege ALJ Barnes violated the IDEA's procedural requirements when she made erroneous rulings during their due process proceeding. ALJ Barnes works for the Georgia Office of State Administrative Hearings ("OSAH"),[62] an "office" "within the executive branch of state government[.]"[63] "Absolute judicial immunity applies to a state administrative law judge like [ALJ Barnes]."[64] "[A]bsolute immunity is not merely a defense to liability: it is an immunity from suit and from 'the other burdens of litigation[.]'"[65] "A judge acting within [her] judicial capacity is unentitled to absolute judicial immunity—and, thus, is subject to suit and to civil liability—only when [she] acts in the clear absence of all jurisdiction."[66] Absolute judicial immunity bars Plaintiffs' suit against ALJ Barnes because their suit against her arises from her judicial actions in a proceeding over which she had jurisdiction.[67] Accordingly, all claims against ALJ Barnes are **DISMISSED WITH PREJUDICE**.[68]

---

[62] Final Decision, [Doc. 3-23].

[63] Ga. Code Ann. § 50-13-40(a).

[64] *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001).

[65] *Stevens v. Osuna*, 877 F.3d 1293, 1304 (11th Cir. 2017) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) (emphasis in original). "Litigation puts the weight of time, trouble, and expense on the attacked judge whether the plaintiff seeks damages or an injunction at the end of the action." *Id.* at 1308.

[66] *Id.* (internal quotation marks and citation omitted). Accordingly, absolute "immunity applies even when the judge's acts were in error, malicious, or in excess of his or her jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

[67] *See Sibley*, 437 F.3d at 1071 ("[I]ssuing a decision in the form of a written opinion [is a] judicial action[.]"); *Smith*, 237 F.3d at 1325 (explaining that taking evidence and issuing written opinions are judicial functions performed by administrative law judges).

[68] Moreover, "IDEA judicial review actions should not include individuals as defendants[]" because the "IDEA does not create liability against individual defendants." *B.I. v. Montgomery Cnty. Bd. of Educ.*, 750 F. Supp. 2d 1280, 1283 (M.D. Ala. 2010). In addition, "[h]olding [the ALJ and/or the] OSAH liable in a civil

### 3. Plaintiffs Failed to Exhaust Administrative Remedies against Department

Plaintiffs did not exhaust their administrative remedies for their IDEA claim(s) against the Department because the Department was not a party to Plaintiffs' impartial due process proceeding against the School District—the matter under judicial review.[69] "If Plaintiffs seek to bring [an IDEA] suit against . . . [the Department] for [its] acts, or failure to act, they may do so by following the procedures of the IDEA[,]"[70] which requires them to first exhaust their administrative remedies before bringing an action in district court. Accordingly, all claims against the Department are **DISMISSED WITHOUT PREJUDICE**.

---

suit would not make logical sense" because "[i]t would equate to a disgruntled litigant appealing a decision rendered by the United States District Court and, in so doing, joining the district court itself[]" and/or the district judge himself. *See R.W. ex rel M.W. v. Georgia Dep't of Educ.*, No. 1:07-CV-535WSD, 2007 WL 2915911, at *5-6 (N.D. Ga. Oct. 4, 2007), *aff'd sub nom. R.W. v. Georgia Dep't of Educ.*, 353 F. App'x 422 (11th Cir. 2009) (citations omitted) (concluding that the OSAH cannot be held liable under the IDEA).

[69] *See* Final Decision, [Doc. 3-23]; *see e.g., Whitehead By & Through Whitehead v. Sch. Bd. for Hillsborough Cnty.*, 932 F. Supp. 1393, 1396 (M.D. Fla. 1996) ("A purpose of requiring exhaustion of remedies is to provide state agencies an opportunity to resolve system defects without unnecessary judicial involvement. It is this opportunity that Plaintiffs denied Defendant DOE by failing to include the Department in the initial dispute."); *Dunn-Fischer v. Dist. Sch. Bd. of Collier Cnty.*, No. 2:10-CV-512-FTM-29, 2011 WL 4632568, at *5 (M.D. Fla. Aug. 30, 2011), *report and recommendation adopted*, No. 2:10-CV-512-FTM-29, 2011 WL 4632490 (M.D. Fla. Oct. 5, 2011) ("In essence, there is nothing for the Court to review against those Defendants because it was not raised at the administrative level.") (citations omitted); *Rohn v. Palm Beach Cnty. Sch. Bd.*, No. 11-81408-CIV, 2012 WL 6652940, at *3 (S.D. Fla. Dec. 21, 2012) (dismissing IDEA claims against defendants because they were not parties to the impartial due process hearing).

[70] *B.I. v. Montgomery Cnty. Bd. of Educ.*, 750 F. Supp. 2d 1280, 1284 (M.D. Ala. 2010) ("Plaintiffs did not satisfy IDEA's exhaustion requirement with respect to Alabama DoE[]" because the Alabama DOE "was not a party to the impartial due process hearing.") (citations omitted) (cleaned up) (collecting cases).

**4. Plaintiffs' Complaint Constitutes an Impermissible Shotgun Pleading**

A complaint that violates either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure is a "shotgun pleading."[71] Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."[72] Under Rule 10(b), "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]"[73]

Shotgun pleadings may (1) "contain[] multiple counts where each count adopts the allegations of all preceding counts[;]" (2) contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) fail to separate each cause of action or claim for relief into a separate count; and/or (4) "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."[74] In sum, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[75] In general, a

---

[71] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).
[72] Fed. R. Civ. P. 8(a)(2).
[73] Fed. R. Civ. P. 10(b).
[74] *Weiland*, 792 F.3d at 1321-23 (footnotes omitted).
[75] *Id.* at 1323.

district court should strike a plaintiff's shotgun complaint *sua sponte*, but before dismissing their case on shotgun pleading grounds, the court "must give the plaintiff one chance to remedy such deficiencies."[76]

Plaintiffs' 65-page Complaint fails to give the School District adequate notice of their IDEA claims against it and the grounds upon which each claim rests because it (1) contains "conclusory, vague, and immaterial facts not obviously connected to any particular [claim][;]" (2) fails to separate each claim for relief into a separate count; and (3) "asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."[77] Therefore, Plaintiffs' Complaint constitutes an impermissible shotgun pleading,[78] and their remaining IDEA claims against the School District may not proceed as pled.[79] Accordingly, Plaintiffs must replead their IDEA claims against the School District if they wish to proceed.

**C. Opportunity to Amend Complaint**

Plaintiffs are proceeding *pro se*, so the Court must provide Plaintiffs one opportunity to file an amended complaint. But because Plaintiffs' claims against ALJ Barnes are barred by judicial immunity, their claims against the Department have not

---

[76] *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (internal quotation marks and citation omitted); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295-96 (11th Cir. 2018) (same).
[77] *Weiland*, 792 F.3d at 1321-23 (footnotes omitted); *see* Compl., [Doc. 3].
[78] *Weiland*, 792 F.3d at 1321-23 (footnotes omitted).
[79] Compl., [Doc. 3].

been administratively exhausted, and they cannot assert any ADA and/or § 504 claims *pro se* on behalf of their minor child, only Plaintiffs' IDEA claims against the School District may proceed.[80] Thus, the Court will allow Plaintiffs' an opportunity to replead their remaining IDEA claims against the School District.[81] Plaintiffs should be aware (1) "the only remedy available under the IDEA is injunctive relief for the wrongful denial of a FAPE[;]"[82] and (2) "[w]hile a parent may bring an IDEA claim on her own behalf against a school district that does not provide a [FAPE] to her children or denies her procedural rights as a parent, this must be clearly alleged."[83]

The Court will not look back to the facts alleged in the original complaint once any amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).[84]

In the "statement of claims" section of their amended complaint, Plaintiffs must link any claims they make to the named defendant. If Plaintiffs fail to link the named defendant to a claim, the claim will be dismissed; if Plaintiffs make no allegations in the

---

[80] As explained above, Plaintiffs' claims against the Department are dismissed without prejudice for their failure to exhaust administrative remedies. And all ADA and § 504 claims are dismissed without prejudice because Plaintiffs cannot litigate their minor child's ADA an/or § 504 claims *pro se*, but if Plaintiffs obtain counsel for their minor child, then that attorney may litigate them.

[81] *See Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012) (explaining that where a "more carefully drafted complaint may state a claim," the court must allow a *pro se* plaintiff "at least one chance to amend the complaint before the district dismisses the action with prejudice," unless amendment would futile.).

[82] *Durbrow*, 887 F.3d at 1190.

[83] *Rohn v. Palm Beach Cnty. Sch. Bd.*, No. 11-81408-CIV, 2012 WL 6652940, at *3 (S.D. Fla. Dec. 21, 2012) (citation omitted).

[84] *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

body of their complaint against the named defendant, the named defendant will be removed from the action and dismissed. Plaintiffs must provide enough facts to plausibly demonstrate the named defendant's actions or omissions resulted in the violation of their rights under a specific law. It is recommended that, when drafting their "statement of claims," Plaintiffs list numbered responses to the following questions (to the extent possible):

(1) What did the named defendant do (or not do) to violate their rights?

(2) When did each action occur?

(3) How were Plaintiffs injured as a result of the named defendant's action?

(4) What law did the named defendant violate?

In drafting their recast Complaint, Plaintiffs should take care to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[85] To comply with Rule 10(b), Plaintiffs must adequately allege factual allegations into numbered paragraphs to sufficiently state a claim and allow the named defendant to respond to each claim individually. Plaintiffs must separate their claims into separate counts and clarify the factual allegations supporting each claim.

---

[85] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"

## III. Rule 11 Obligations

Moreover, the Court informs Plaintiffs of their obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs their representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[86]

## IV. Artificial Intelligence

The Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiffs that these generative AI technologies may produce factually or legally inaccurate content.

---

[86] Fed. R. Civ. P. 11(b).

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiffs in meeting their pleading obligations, the Court **ORDERS** the following: **In all pleadings, including Plaintiffs' recast complaint, Plaintiffs must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiffs must certify that they have verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

**CONCLUSION**

For the reasons explained above, Plaintiffs' Motion to Proceed IFP [Doc. 2] is **GRANTED**. All claims against Defendant ALJ Shakara Barnes are **DISMISSED WITH PREJUDICE**, and all claims against Defendant Georgia Department of Education are **DISMISSED WITHOUT PREJUDICE**. All ADA and § 504 claims are **DISMISSED WITHOUT PREJUDICE.**

If Plaintiffs wish to maintain this action and recast their remaining claims against Defendant Bleckley County School District, then under 28 U.S.C. § 1915(e)(2), **they must follow the directions above and file within 21 days of this Order's date** a recast

Amended Complaint, which will supersede the Complaint. The Court will reevaluate any amended complaint under 28 U.S.C. § 1915(e).

**THERE WILL BE NO SERVICE OF PROCESS UNTIL FURTHER NOTICE FROM THE COURT.**

**SO ORDERED,** this 10th day of November, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT